# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

NATHAN HUGHES,
ADC #552292                                                                                    PLAINTIFF

v.                                   5:14CV000404-BSM-JTK

CORIZON MEDICAL SERVICES, INC.                                                 DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following partial recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

1

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

**I.    Introduction**

Plaintiff Nathan Hughes is a state inmate confined at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC). He filed this pro se 42 U.S.C. § 1983 action against Defendant Corizon, alleging denial of adequate medical care and treatment, together with improper disciplinary charges and convictions. This Court granted Plaintiff's Motion to Proceed in forma pauperis by Order dated November 5, 2014 (Doc. No. 3), but provided him the opportunity to amend his Complaint, noting that he did not include any allegations against Corizon in his Statement of Claim. (Id.) Plaintiff then submitted a

Motion to Amend adding several Defendants (Doc. No. 4), which this Court construed as an Amended Complaint.

Having reviewed the Amended Complaint, the Court finds that Plaintiff's allegations of improper disciplinary charges and convictions against Defendants Frazier and Naylor should be dismissed.

**II.    Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court

must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III.    Facts and Analysis

In his Amended Complaint, Plaintiff alleges improper mental health care and treatment by several individual Defendants. In addition, he complains about improper disciplinary charges and/or convictions. In the November 5, 2014, Order, the Court noted that Plaintiff should file an Amended Complaint "which sets forth one claim against the Defendants whom he wishes to sue in this case. (Other claims should be set forth in separate lawsuits.)" (Doc. No. 3, pp. 3-4.) Having reviewed his Amended Complaint, the Court finds that the disciplinary-related claims are sufficiently distinct and separate from the mental health claims so as to dismiss them from this action pursuant to FED.R.CIV. P. 8(a)(2). (Plaintiff may pursue those allegations by filing a separate lawsuit.) In addition, Defendant Corizon should be dismissed, because Plaintiff does not include specific allegations against it in his Amended Complaint.

## IV.    Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's disciplinary allegations and Defendants Frazier and Naylor be DISMISSED without prejudice.

2.    Defendant Corizon be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

IT IS SO RECOMMENDED this 25th day of November, 2014.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE